# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

BANK OF THE OZARKS,

    Plaintiff,

vs.                          CV 213-035

W. NEAL BOATRIGHT; JON JONS WASTE DISPOSAL, INC.; and THOMAS BAKER WARREN, II,

    Defendants.

## ORDER

Presently before the Court is Plaintiff's motion for default judgment against Defendant Jon Jons Waste Disposal, Incorporated ("Defendant Jon Jons"). Dkt. No. 18. Upon due consideration, Plaintiff's motion for default is **GRANTED**.

The clerk's office granted an entry of default as to Defendant Jon Jons on April 3, 2013. Dkt. No. 14. This entry constitutes an admission of Plaintiff's "well-pleaded allegations of fact." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Defendant Jon Jons, however, "is not held to admit facts that are not well-

---

[1] In Bonner v. Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

1

pleaded or to admit conclusions of law." Id. Accordingly, before entering a default judgment for damages, the Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 2007 WL 542583, at *2 (11th Cir. Feb. 22, 2007); see also Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005).

According to Plaintiff's Complaint, on or about August 28, 2008, Defendant Jon Jons consolidated two notes into a single loan by execution of a promissory note in favor of Oglethorpe Bank in the principal amount of $342,757.90 ("First Promissory Note"). Dkt. No. 1 at ¶ 20. Defendant Jon Jons has defaulted on its obligations under the First Promissory Note. Dkt. No. 1 at ¶ 33,

Additionally, according to Plaintiff's Complaint, Defendant Jon Jons executed a promissory note in favor of Oglethorpe Bank on May 27, 2099 in the principal amount of $102,914.20 ("Second Promissory Note"). Dkt. No. 1. at ¶ 35. Defendant Jon Jons has defaulted on its obligations under the Second Promissory Note. Dkt. No. 1. at ¶ 46.

Defendant Jon Jons executed a third promissory note on or about April 3, 2009 for the principal amount of $36,843.00

2

("Third Promissory Note"). Dkt. No. 1 at ¶ 48. Defendant Jon Jons is now in default under the Third Promissory Note. Dkt. No. 1 at ¶ 62.

On or about December 16, 2010, Defendant Jon Jons renewed a short term loan consolidation by execution of a promissory note in favor of Oglethorpe Bank in the principal amount of $20,475.00 ("Fourth Promissory Note"). Dkt. No. 1 at ¶ 67. Defendant Jon Jons has defaulted on its obligations under the Fourth Promissory Note. Dkt. No. 1 at ¶ 74.

Under the terms of the First, Second, Third, and Fourth Promissory Notes, Defendant Jon Jons was obligated to make monthly periodic payments. Dkt. No. 1 at ¶¶ 27, 40, 56, 69. The First, Second, and Third Promissory Notes provided for the accrual of interest on the principal amount at a rate of six and one-half percent per year. Dkt. No. 1 at ¶¶ 28, 41, 57. The Fourth Promissory Note provided for the accrual of interest on the principal amount at a rate of seven percent per year. Dkt. No. 1 at ¶ 70. The First, Second, Third, and Fourth Promissory Notes further provide for the imposition of a late charge equal to ten percent of the payment amount or $5.00, whichever is greater, in the event a payment is made more than fifteen days after it is due. Dkt. No. 1 at ¶¶ 29, 42, 58, 71. The promissory notes further provide for the collection of attorney's fees in the event of default of fifteen percent of

the principal and interest then owed. Dkt. No. 1, Ex. G, Ex. K, Ex. P, Exhibit X.

Bank of the Ozarks acquired the loan documents through a Purchase and Assumption Agreement dated January 14, 2011 between Bank of the Ozarks and the Federal Deposit Insurance Corporation, as receiver of Oglethorpe Bank. Dkt. No. 1, ¶¶ 34, 47, 63, 75.

The facts discussed above were corroborated through testimony presented at the Court's July 8, 2013 hearing. Defendant Jon Jons did not appear nor did Defendant Jon Jons present written objection to the entry of a default judgment in favor of Plaintiff.

In considering any default judgment, the Court must examine (1) jurisdiction, (2) liability, and (3) damages. See Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). In this case, the Court is satisfied that it has personal and subject-matter jurisdiction, as established by the Complaint. Dkt. No. 1 at ¶¶ 6-9. Plaintiff Bank of the Ozarks is a citizen of Arkansas and all defendants appear to be citizens of Georgia. Dkt. No. 1, ¶¶ 1-6. The amount in controversy exceeds $75,000. See Dkt. No. 1, ¶ 118. Additionally, Jon Jons was formerly a corporation organized and operating under the laws of the State of Georgia. Dkt. No. 1, ¶ 3. Jon Jons was served through its registered agent Neal Boatright. Dkt. No. 9.

AO 72A
(Rev. 8/82)

Liability has also been established, as the admission to the facts set forth in the Complaint constitutes a breach of contract by Defendant Jon Jons. Finally, the Court is satisfied that the allegations set forth in the Complaint and the evidence presented at the Court's hearing on the matter adequately demonstrate Plaintiff's damages.

Specifically, with regards to the First Promissory Note, evidence submitted at the hearing establishes that Plaintiff is owed $235,851.63 for the unpaid past principal; $53,797.85 for unpaid interest; $5,778.76 for late charges; and $43,447.42 for attorney's fees.[2]

With regards to the Second Promissory Note, evidence submitted at the hearing establishes that Plaintiff is owed $61,160.38 for unpaid past principal; $15,704.50 for unpaid

---

[2] O.C.G.A. § 13-1-11(a) provides:
   (a) Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to the following provisions:

   (1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to **but not in excess of 15 percent of the principal and interest** owing on said note or other evidence of indebtedness. (Emphasis added).

The attorney's fees figure listed above is derived by adding the principal and interest due on the loan and multiplying this number by 15 percent.

AO 72A
(Rev. 8/82)

interest; $1,855.20 for late charges; and $11,529.73 for attorney's fees.

With regards to the Third Promissory Note, evidence submitted at the hearing establishes that Plaintiff is owed $21,641.31 for unpaid past principal; $5,751.47 for unpaid interest; $1,624.49 for late charges; and $4,108.92 for attorney's fees.

With regards to the Fourth Promissory Note, evidence submitted at the hearing establishes that Plaintiff is owed $19,488.30 for unpaid past principal; $3,327.95 for unpaid interest; $284.41 for late charges; and $3,422.43 for attorney's fees.

Accordingly, default judgment is hereby entered pursuant to Federal Rule of Civil Procedure 55(b). The clerk is directed to enter judgment in favor of Plaintiff against Defendant Jon Jons for the First Promissory Note in the amount of:

1. $235,851.63 for unpaid principal;
2. $53,797.85 for unpaid interest;
3. $5,778.76 for late charges; and
4. $43,447.42 for attorney's fees.

The clerk is directed to enter judgment in favor of Plaintiff against Defendant Jon Jons for the Second Promissory Note in the amount of:

1. $61,160.38 for unpaid principal;

AO 72A
(Rev. 8/82)

2. $15,704.50 for unpaid interest;

3. $1,855.20 for late charges; and

4. $11,529.73 for attorney's fees.

The clerk is directed to enter judgment in favor of Plaintiff against Defendant Jon Jons for the Third Promissory Note in the amount of:

1. $21,641.31 for unpaid principal;

2. $5,751.47 for unpaid interest;

3. $1,624.49 for late charges; and

4. $4,108.92 for attorney's fees.

The clerk is directed to enter judgment in favor of Plaintiff against Defendant Jon Jons for the Fourth Promissory Note in the amount of:

1. $19,488.30 for unpaid principal;

2. $3,327.95 for unpaid interest;

3. $284.41 for late charges; and

4. $3,422.43 for attorney's fees.

**SO ORDERED**, this 8th day of July, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA